IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CHRISTIAN NICOLAS LOPEZ GIACOSA and ALEXANDRA HOLLY LOPEZ GIACOSA,

Plaintiffs,

v. Civil Action No. 2:25-cv-438

JEFFREY J. DINISE, *in his official capacity as Chief Patrol Agent, Miami Sector of U.S. Customs and Border Protection, et al.*,

Defendants.

**MEMORANDUM ORDER**

This matter is before the Court on Defendants' Motion to Transfer Venue. Dkt. No. 9. Defendants argue that the United States District Court for the Southern District of Florida is a more convenient forum for this action, and, pursuant to 28 U.S.C. § 1404(a), move to transfer to that district. Defendants also move the Court to stay this matter pending the resolution of their Motion to Transfer. Dkt. No. 11. The Court finds that the Eastern District of Virginia is, on balance, the more suitable venue for this action, and therefore, DENIES Defendants' Motion to Transfer. Dkt. No. 9.[1] Accordingly, Defendants' Motion to Stay, Dkt. No. 11, is DENIED as moot.

[1] Defendants' request that Defendant Pete R. Flores, former Commissioner of United States Customs and Border Protection, be replaced by Rodney S. Scott, and Defendant Angelica Alfonso-Royals, former Director of United States Citizenship and Immigration Services, be replaced by Joseph B. Edlow, is GRANTED. Dkt. No. 10, at 2 n.1.

## I. BACKGROUND

Christian Nicolas Lopez Giacosa ("Mr. Giacosa") and Alexandra Holly Lopez Giacosa ("Mrs. Giacosa") (together, "Plaintiffs"), a husband and wife who reside in Spotsylvania, Virginia, allege a series of unlawful actions from employees with United States Customs and Border Protection and United States Citizenship and Immigration Services that prevented Mr. Giacosa's return to the United States. Compl. ¶¶ 1–12. Mr. Giacosa, a noncitizen, and Mrs. Giacosa, a citizen of the United States, traveled to Argentina to introduce their daughters to Mr. Giacosa's mother. *Id.* ¶ 51. Prior to traveling, Plaintiffs appeared at the Norfolk United States Citizenship and Immigration Services Field Office for interviews regarding several pending applications related to Mr. Giacosa's status in the United States,[2] and, following their interviews, believed they could travel without issue. *Id.* ¶¶ 2, 46–50.

Upon returning to the United States, Mr. Giacosa was held for questioning and inspection by a Customs and Border Protection officer, and while the parties disagree as to whether Mr. Giacosa consented to departing the United States, they agree that he returned to Argentina the next day. *Id.* at ¶¶ 52–55 ("A [Customs and Board Protection] Officer thereupon compelled Mr. Giacosa to sign a blank electronic screen and to board a flight to return to Argentina the next day."); Dkt. No. 10, at 3–4 ("Following inspection by [Customs and Border Protection], Mr. Giacosa agreed to voluntarily withdraw his application for admission. The following day [Customs and Border Protection] placed Mr. Giacosa on a return flight to Argentina."). Mr. Giacosa filed a Freedom of

[2] Mrs. Giacosa filed a Form I-130 Petition for Alien Relative on Mr. Giacosa's behalf, and Mr. Giacosa filed a Form I-485 Application for Adjustment of Status to Lawful Permanent Residence, an I-765 Application for Employment Authorization, and a Form I-131 Application for Advance Parole. Compl. ¶ 2.

Information Act request for the video and documents from Customs and Border Protection related to his questioning but has not yet received those requested materials. Compl. ¶¶ 57, 64.

Defendants move to transfer this action to the Southern District of Florida, arguing that venue is proper in the Southern District of Florida, that Plaintiffs' claims have no meaningful connection to the Eastern District of Virginia, and that all the records and related acts are located in or occurred in Miami, Florida. Dkt. No. 10, at 2. Plaintiffs filed their Brief in Opposition and Defendants replied. Dkt. Nos. 13, 20. Accordingly, the motion is now ripe for review. Having considered the briefing, the Court has determined a hearing is unnecessary. E.D. Va. Loc. Civ. R. 7(J).

## II. ANALYSIS

Where transfer would be convenient for the parties and witnesses, and in the interest of justice, "a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). First, the court should consider whether the action could have been brought in the transferee court when initially filed, i.e., whether "venue and personal jurisdiction would have been proper in the transferee forum." *U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.*, 357 F. Supp. 2d 924, 930 (E.D. Va. 2005) (citing *Hoffman v. Blaski*, 363 U.S. 335, 342–43 (1960)). Next, if the action would have been appropriate in the transferee court, district courts within this circuit consider four factors to determine whether transfer is appropriate: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th. Cir 2015) (citations omitted). Although the decision to transfer an action "is committed to the sound discretion of the district court . . . [t]he party seeking transfer bears the burden of proving that the circumstances of the case

are *strongly* in favor of transfer." *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010) (citation modified).

Plaintiffs concede that they could have brought this action in the Southern District of Florida. Dkt. No. 13, at 3.[3] The Court therefore proceeds to weigh the relevant factors.

**A. Plaintiffs' choice of venue**

The weight accorded to Plaintiffs' choice of venue leans substantially in Plaintiffs' favor. As a general rule, "a plaintiff's choice of venue is entitled to substantial weight." *Plumbing Servs., Inc.*, 791 F.3d at 444 (citation modified). However, the deference "to a plaintiff's choice of forum is proportionate to the relationship between the forum and the cause of action." *Bannister v. Wal-Mart Stores East, L.P.*, 843 F. Supp. 2d 610, 615 (E.D.N.C. 2012) (citation omitted). Here, Defendants argue that, because Mr. Giacosa is a non-citizen who voluntarily departed the United States, he has no discernible connection to the Eastern District of Virginia. Dkt. No. 10, at 8–9.

---

[3] Defendants also argue that, given that Mrs. Giacosa resides in Spotsylvania, Virginia, venue for the FOIA claim is proper in the Richmond Division, not the Norfolk Division. Dkt. No. 10, at 9 n.3. However, this court has proper venue over the non-FOIA claims in this action and finds exercising pendent venue over the FOIA claims appropriate. *Jones v. Custom Truck & Equip., LLC*, No. 3:10-cv-611, 2011 WL 250997, at *5 (E.D. Va. Jan. 25, 2011) (citation omitted) ("Where venue is proper with respect to one claim, pendent venue permits a court to exercise venue over other claims in which venue is improper."). While the Court is aware that courts often decline to exercise pendent venue over FOIA claims, *see, e.g.*, *Abissi v. U.S. Citizenship & Immigr. Servs.*, 729 F. Supp. 3d 505, 509–10 (D. Md. 2024), it is nonetheless appropriate in this matter. Courts typically decline to exercise pendent venue over FOIA claims because Congress explicitly enumerated when venue is proper under FOIA, and to discourage the parties from forum shopping. *Holmes-Hamilton v. Fed. Bureau of Investigation*, No. 21-702, 2021 WL 5166376, at *4 (D. Md. Nov. 5, 2021). However, here, venue is appropriate under the FOIA statute, which requires plaintiffs to file FOIA claims "in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552(a)(4)(B). Mrs. Giacosa resides in this district. Compl. at 31 (Plaintiffs' civil cover sheet noting they live in Spotsylvania, Virginia); *see* Dkt. No. 13, at 3; *see also* Dkt. No. 10, at 1. The requirement that Plaintiffs file in the proper division comes from Local Rule 3. E.D. Va. Loc. Civ. R. 3(C) ("Civil actions for which venue is proper in this district shall be brought in the proper division, as well."). Pendent venue under these circumstances respects the intention of Congress and does not encourage forum shopping because either court will apply the same law.

The Court disagrees. While Mr. Giacosa is not currently within the United States, he was a resident of the Eastern District of Virginia for several years; this is the district of residence of his family, and, if successful in the resolution of this action, he intends to rejoin his family within this district. Compl. ¶ 48; Dkt. No. 13, at 6. Though not a current resident of the Eastern District of Virginia, Mr. Giacosa's past residence in this district and clear intention to return create a substantial connection to the Eastern District of Virginia. *See Elemary v. Philipp Holzmann A.G.*, 533 F. Supp. 2d. 144, 152 (D. D.C. 2008) (non-resident plaintiff who spent six months of each of the past thirty years in her chosen venue "boast[ed] a substantial connection to th[e] district and consequently ha[d] a strong interest in litigating her claims [t]here").

**B. Convenience of the parties and witnesses**

The convenience of the witnesses is neutral. Both parties argue that their potential witnesses will be inconvenienced should the court rule in the other's favor. Dkt. No. 10, at 10; Dkt. No. 13, at 4–5. However, as Defendants note in their brief, it is unlikely that anyone will testify in this matter. *See* Dkt. No. 20, at 2–3. Furthermore, neither party explains what testimony their potential witnesses would offer. *comScore, Inc. v. Integral Ad Sci., Inc.*, 924 F. Supp. 2d 677, 688 (E.D. Va. 2013) (citation omitted) ("[T]he party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience.").

The convenience of the parties, however, leans in favor of Plaintiffs. Defendants do not argue that they will personally experience inconvenience if this case remains in Norfolk. Dkt. No. 10, at 8–11; Dkt. No. 20, at 1–4. In comparison, Mrs. Giacosa argues that transfer would subject her to both the high cost of travel to Southern Florida and the expense of acquiring local counsel.

Dkt. No. 13, at 4–5. Plaintiffs will face greater hardship should the Court transfer this case. Therefore, the convenience of the parties suggests transfer would be inappropriate.

**C. The interest of justice**

Finally, the interest of justice slightly favors retaining this case in the Eastern District of Virginia. Courts may consider a range of factors when analyzing whether transfer is in the interest of justice, such as "(1) the pendency of a related action, (2) the court's familiarity with the applicable law, (3) docket conditions, (4) access to premises that might have to be viewed, (5) the possibility of an unfair trial, (6) the ability to join other parties, (7) the possibility of harassment, and (8) the interest of having local controversies decided at home." *Va. Innovation Sci., Inc., v. Samsung Elec. Co., Ltd.*, 928 F. Supp. 2d 863, 872 (E.D. Va. 2013).

Defendants first raise the Southern District of Florida's familiarity with the applicable law. Defendants note that the Southern District of Florida, because of its international airport, is likely familiar with the relevant immigration laws at issue. Dkt. No. 10, at 10. However, all of the relevant claims in this case will be governed by federal law, and this Court is as qualified to interpret federal law as the Southern District of Florida. *Nat'l Elec. Ben. Fund v. Rabey Elec. Co., Inc.*, No. 11-cv-184, 2012 WL 32582, at *3 (D. Md. Jan 5, 2012) ("The instant action involves federal law which both districts are equally suited to handle."); *see also Cross v. Ca. Sunshine Activewear, Inc.*, No. 06-0510, 2006 WL 8456750, at *3 (D. Md. Nov. 16, 2006) (noting that the Central District of California and a district court in this circuit "are equally qualified to interpret and apply Federal law").

Defendants also argue that if the Court finds it necessary to inspect the premises of the airport or the facilities where the records at issue were generated, the Southern District of Florida is the superior forum. Dkt. No. 10, at 10. However, Defendants do not explain why an in-person examination would be necessary and the Court doubts such an inspection would be needed.

Finally, the parties disagree as to which venue has a greater interest in resolving this matter. Defendants argue that the Southern District of Florida has a high interest in resolving this dispute because the alleged wrongdoing occurred within that district and because, as the site of a busy international airport, instances like the kind that occurred in this case are likely daily occurrences. Dkt. No. 20, at 5. Plaintiffs counter that there is a greater interest in the outcome of the matter in the Eastern District of Virginia, where Mrs. Giacosa lives and where Mr. Giacosa intends to return. Dkt. No. 13, at 6. Defendants' arguments cannot overcome the greater interest in adjudicating Mr. Giacosa's rights in the Eastern District of Virginia, where Mrs. Giacosa, their children, and their wider community will feel the outcome of this litigation more acutely.

## III. CONCLUSION

Given Mr. Giacosa's strong connection to the current forum, the inconveniences transfer would impose on Plaintiffs, and the competing interests to the balance of interest of justice, transfer is inappropriate. Accordingly, Defendants' Motion to Transfer, Dkt. No. 9, is denied. Having resolved Defendants' Motion to Transfer, their Motion to Stay, Dkt. No. 11, is denied as moot.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

/s/

Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: February 6, 2026