**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

CHRISTIAN NICOLAS GIACOSA, *et al.*,

        Plaintiffs,

v.

                                   Action No. 2:25cv438

JEFFREY J. DINISE, *in his official capacity*
*as Chief Patrol Agent, Miami Sector of U.S.*
*Customs and Border Protection, et al.*,

        Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Christian Nicolas Giacosa ("Mr. Giacosa") and Alexandra Holly Lopez Giacosa's ("Mrs. Giacosa") motion for discovery, filed on May 13, 2026. ECF No. 35. The motion claims additional information outside of the Administrative Record ("AR") is needed to address the question of whether Mr. Giacosa's withdrawal of his application for admission to the United States was voluntary or coerced. ECF No. 36, at 2. Jeffrey J. Dinise, Alison McNealy, Kristi Noem, Pamela Bondi, Rodney S. Scott, and Joseph B. Edlow ("defendants") filed a response in opposition on May 27, 2026. ECF No. 38. For the reasons discussed below, the motion for discovery, ECF No. 35, is **DENIED.**

## I.      FACTUAL BACKGROUND

Mr. and Mrs. Giacosa allege that a series of unlawful actions by employees of United States Customs and Border Protection ("CBP") and United States Citizenship and Immigration Services ("USCIS") prevented Mr. Giacosa from returning to the United States. Plaintiffs arrived at Miami International Airport on January 3, 2025, after a 13-day trip to Argentina with their 2 daughters.

R. 31.[1] Upon arrival, Mr. Giacosa, a citizen of Uruguay, provided a valid, unexpired Form I-512L Advance Parole Document.[2] *Id.* CBP screened Mr. Giacosa by putting his information in the TECS system.[3] *Id.* Mr. Giacosa was a match to an FBI flag related to a shoplifting arrest and a match for a TECS lookout for participating in Neo-Nazi ideology and alleged violations of firearm laws. R. 12.

The Tactical Terrorist Response Team ("TTRT") proceeded to conduct a more in-depth inspection and took Mr. Giacosa to a search room. *Id.* TTRT examined his phone and found pictures of Mr. Giacosa doing a Nazi salute, posing in front of Nazi graves, and posing with guns, as well as pictures of Nazi imagery and text messages to and from Mr. Giacosa containing Nazi imagery. R. 43, 55, 57, 63–64, 75, 86.

Records compiled by CBP agents state that Mr. Giacosa was inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I), which describes an applicant for admission who is not in possession of a valid, unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document. R. 33. The CBP records for Mr. Giacosa also refer to inadmissibility based on 8 U.S.C. § 1182(a)(3)(A)(ii), which relates to aliens engaged in

---

[1] Page citations are to the administrative record filed with the Court. ECF No. 34.

[2] An advance parole document allows an alien living in the United States to return after temporary travel abroad. U.S. Customs and Border Protection, *Advance Parole* (last visited June 30, 2026), https://cbp.gov/travel/us-citizens/advance-parole. Aliens must be approved for advance parole prior to leaving the United States to avoid the termination of their pending application for residency status adjustment. *Id.*

[3] TECS is CBP's primary system to assist with screening and determining whether a person arriving in the United States is admissible. Homeland Security, *DHS/CBP/PIA-009(a) – TECS System: CBP Primary and Secondary Processing (TECS) National SAR Initiative* (last visited June 30, 2026), https://www.dhs.gov/publication/tecs-system-cbp-primary-and-secondary-processing-tecs-national-sar-initiative.

2

unlawful activities.  *Id.*  Although the parties disagree as to whether Mr. Giacosa consented to departing the United States, they agree that he returned to Argentina the next day.  ECF No. 36, at 1–2 (asserting that Mr. Giacosa was compelled to depart the United States); ECF No. 38, at 4 (asserting that Mr. Giacosa elected to withdraw his application for admission in lieu of being placed in expedited removal proceedings).

## II.    LEGAL STANDARDS

"Judicial review of administrative action is generally confined to the [AR]." *Fort Sumter Tours, Inc. v. Babbitt*, 66 F.3d 1324, 1335 (4th Cir. 1995) (citing *Fayetteville Area Chamber of Com. v. Volpe*, 515 F.2d 1021, 1024 (4th Cir. 1975)).  However, if any one of three conditions is met, additional discovery is warranted.

First, discovery is warranted if it appears that either the agency relied on documents or materials not included in the record or if the agency omitted documents in bad faith.  *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) ("[Judicial review] is to be based on the full [AR] that was before the Secretary at the time he made his decision."); *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 460 (4th Cir. 1993) (citing *Citizens to Pres. Overton Park*, 401 U.S. at 420) ("Even where review of a case is confined to the evidence contained in the [AR], the Supreme Court has concluded that evidence of bad faith or improper behavior by an administrative agency's official in compiling that record justifies inquiry beyond the record compiled.").

Second, discovery is warranted if the AR so fails "to explain administrative action as to frustrate judicial review." *Camp v. Pitts*, 411 U.S. 138, 142–43 (1973); *see also Dow AgroSciences LLC v. Nat'l Marine Fisheries Serv.*, 707 F.3d 462, 468 (4th Cir. 2013) (citing *Camp*, 411 U.S. at 142–43).  Undergirding the decision-making process of whether the AR explains administrative action is the understanding that "when an agency certifies that the [AR] it has provided to the court

3

is complete, courts generally presume it to be so absent clear evidence to the contrary." *Mestanek v. Jaddou*, 93 F.4th 164, 172 (4th Cir. 2024).

Third, discovery is warranted if additional information is needed outside the AR "to explain or clarify technical terms or other difficult subject matter included, in the record." *Am. Canoe Ass'n v. U.S. EPA*, 46 F. Supp. 2d 473, 477 (E.D. Va. 1999).

Generally, the "party challenging an agency bears a special burden of demonstrating that the court should reach beyond the record, either to examine information that should have been before the agency but was not, or to introduce extra-record evidence that the agency actually relied on that was omitted from the [AR]." *Sanitary Bd. of Charleston v. Wheeler*, 918 F.3d 324, 334 (4th Cir. 2019) (citing *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989)).

### III.    ANALYSIS

Plaintiffs argue that further discovery is warranted in order to determine whether Mr. Giacosa's withdrawal of his application for admission was voluntary or coerced. ECF No. 36, at 3. Specifically, plaintiffs claim that discovery would aid in determining whether "USCIS conspired with CBP to issue a decision adverse to Mr. Giacosa" and whether Mr. Giacosa can "obtain any additional proof of the atmosphere and conditions of his detention and interrogation." *Id.* at 8–9. The Court denies plaintiffs' motion for discovery for the reasons discussed below.

***Plaintiffs have not established that any of the exceptions to the general prohibition on discovery apply here.***

First, plaintiffs fail to show that the agency relied on documents or materials omitted from the AR. The USCIS decision documents with which the plaintiffs seek to supplement the AR were created months after Mr. Giacosa's detention and return to Argentina. *See* ECF No. 36-1, at 18, 22 (showing that the USCIS decision notices were dated March 2025 and September 2025). Accordingly, these documents could not have been used in CBP's decision-making process.

4

Plaintiffs also claim that the record should be supplemented with other documents, namely, the I-130,[4] I-485,[5] and I-290B[6] filings and the USCIS receipt and interview notices. Plaintiffs do not claim, however, that these documents were used in CBP's decision-making process.[7]

Moreover, plaintiffs have not shown that CBP acted in bad faith when it compiled the AR. They argue CBP officers acted in bad faith when they cited a lack of proper documentation as the reason Mr. Giacosa was not allowed to enter the United States and by failing to inform Mr. Giacosa of his right to speak with an immigration judge. Both claims, however, pertain to the question of whether Mr. Giacosa voluntarily withdrew his application, not to whether the AR was compiled in good faith. Bad faith only merits an exception to the prohibition on discovery when bad faith is found in the way that the AR was compiled. A claim of bad faith in matters unrelated to AR compilation is not germane to questions of discovery. Accordingly, discovery is not warranted under the first prong.

---

[4] An I-130, Petition for Alien Relative is the form used by a U.S. citizen, lawful permanent resident, or U.S. national who is not a U.S. citizen to establish a qualifying relationship with an eligible alien relative who wishes to come to or stay in the United States permanently and apply for a Green Card. U.S. Citizenship and Immigration Services, *I-130, Petition for Alien Relative* (last visited July 1, 2026), https://www.uscis.gov/i-130.

[5] An I-485, Application to Register Permanent Residence or Adjust Status is the form used to apply for lawful permanent resident status for those already in the United States. U.S. Citizenship and Immigration Services, *I-485, Application to Register Permanent Residence or Adjust Status* (last visited July 1, 2026), https://www.uscis.gov/i-485.

[6] An I-290B, Notice of Appeal or Motion is the form used to appeal a decision with the Administrative Appeals Office or file a motion with the USCIS office that issued the latest decision in the case. U.S. Citizenship and Immigration Services, *I-290B, Notice of Appeal or Motion* (last visited July 1, 2026), https://www.uscis.gov/i-290b.

[7] Additionally, the matter before the Court is not a motion to supplement the AR, but a motion for discovery. The admission of these documents to the AR is not at issue.

5

Second, plaintiffs have not shown that the AR so fails to explain administrative action that judicial review would be frustrated. The AR contains CBP's policies regarding withdrawal of admission, the specific documentation reviewed by CBP officers when Mr. Giacosa presented himself in Miami, the notice to detain form used by CBP officials when detaining Mr. Giacosa, the voluntary withdrawal form used by CBP and signed by Mr. Giacosa, Mr. Giacosa's sworn interview statement, the TECS system person query that flagged Mr. Giacosa for further screening, and the electronic media report documenting the contents of his phone. R. 3–108. These documents appear to comprehensively illustrate the decision-making process and CBP's actions. As such, plaintiffs have not carried their burden to show that the AR is so lacking it frustrates judicial review.

Finally, plaintiffs have not shown that background information is needed to explain or clarify technical terms. Plaintiffs make no argument that the materials in the AR are unclear and require further explanation or technical clarification. Accordingly, plaintiffs leave this third prong unsatisfied as well.

## IV.   CONCLUSION

For the reasons discussed above, the motion for discovery, ECF No. 35, is **DENIED**. The Clerk is **DIRECTED** to send a copy of this memorandum opinion and order to all counsel of record.

**IT IS SO ORDERED.**

_____
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
July 2, 2026

6